# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

WILLIAM D. WORMLY,

       Plaintiff,

v.                                          CIV 15-0509 KBM

CAROLYN W. COLVIN,
Acting Commissioner of Social
Security Administration,

       Defendant.

# MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Reversal and Remand for Further Proceedings (Doc. 21) filed on November 2, 2015. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. *See* Docs. 8, 10. Having considered the record, submissions of counsel, and relevant law, the Court finds Plaintiff's motion is not well-taken and will be **DENIED**.

## I.    Procedural History

On February 8, 2012, Mr. William Wormly (Plaintiff) filed applications with the Social Security Administration for disability and disability insurance benefits and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Administrative Record[1] ("AR") at 110–18. Plaintiff alleged a disability onset date of December 17, 2011. *Id.* at 110. The field office denied Plaintiff's Title II application initially, because Plaintiff had "not worked long enough under Social Security" and was

---

[1] Documents 18-1 through 18-34 comprise the sealed Administrative Record. *See* Doc. 18. The Court cites the Administrative Record's internal pagination, rather than the CM/ECF document number and page.

not insured for disability benefits under that program. *Id.* at 50–53; *see also id.* at 20. Plaintiff did not appeal the agency's technical determination. *See id.* at 20. Disability Determination Services determined that Plaintiff was not disabled both initially (*id.* at 54) and on reconsideration (*id.* at 55). Plaintiff requested a hearing with an Administrative Law Judge on the merits of his SSI application. *Id.* at 72.

Plaintiff testified for a short time during the 49 minute *de novo* hearing. *See id.* at 35–49. During Plaintiff's testimony, Administrative Law Judge Dan Dane (the ALJ) noticed Plaintiff was having trouble breathing. *Id.* at 46 (noting Plaintiff exhibited rales and wheezing). The ALJ ended the hearing in order to send Plaintiff for a consultative evaluation and "pulmonary function study." *Id.* at 48. Plaintiff's representative agreed a consultative evaluation would be "wise," and noted that she "would be happy to return for a supplemental hearing if [the exam] does not decide the issue in and of itself." *Id.* at 49.

A certified employment specialist and vocational consultant appeared at the hearing as an impartial vocational expert, but the ALJ did not call upon him to testify.[2] *Id.* at 20. In a thorough and well-reasoned opinion, ALJ Dane issued an unfavorable decision on April 7, 2014. *Id.* at 17–34. Plaintiff submitted a Request for Review of the ALJ's decision to the Appeals Council (*id.* at 13–14), which the council denied on April

---

[2] Prior to the hearing, counsel for Plaintiff "filed a request for a subpoena duces tecum to be served on any vocational expert [VE] who may be called to testify[,]" seeking "all the documents [the VE] would rely on . . . ." AR at 20 (citation omitted). Plaintiff's attorney objected to both the then unknown VE's competency as well as to "the [VE] testifying about the number of any . . . proposed alternative occupations because ' . . . there is no way to accurately estimate job numbers by DOT code and as such, any such opinion is not SUBSTANTIAL EVIDENCE. . . . '" *Id.* at 21. The ALJ was noticeably irritated by the attorney's request and denied the request and objections on the record during the hearing. *Id.*; *see also id.* at 38–44.

15, 2015 (*id.* at 1–7). Consequently, the ALJ's decision became the final decision of the Commissioner. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).

## II.   Applicable Law and the ALJ's Findings

A claimant seeking disability benefits must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a). The Commissioner must use a sequential evaluation process to determine eligibility for benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).

The claimant has the burden at the first four steps of the process to show: (1) he is not engaged in "substantial gainful activity"; (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and (3) his impairment(s) meet or equal one of the listings in Appendix 1, Subpart P of 20 C.F.R. Pt. 404; or (4) pursuant to the assessment of the claimant's residual functional capacity (RFC), he is unable to perform his past relevant work. 20 C.F.R §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *see also Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005) (citations omitted). "RFC is a multidimensional description of the work-related abilities [a claimant] retain[s] in spite of [his] medical impairments." 20 C.F.R. § 404, Subpt. P, App. 1 § 12.00(B); *see also* 20 C.F.R. §404.1545(a)(1). If the claimant meets "the burden of establishing a prima facie case of disability[,] . . . the burden of proof shifts to the Commissioner at step five to

show that the claimant retains sufficient . . . RFC to perform work in the national economy, given his age, education, and work experience." *Grogan*, 399 F.3d at 1261 (citing *Williams v. Bowen*, 844 F.2d 748, 751 & n.2 (10th Cir. 1988) (internal citation omitted)); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

At Step One of the process, ALJ Dane found that while Plaintiff "worked after the alleged onset date,[] . . . the attempt was brief" due to Plaintiff's allegations that "impairment-imposed limitations forced him to abandon the job." AR at 29. Ultimately, the ALJ found that Plaintiff "has not engaged in substantial gainful activity since February 8, 2012." *Id.* At Step Two, ALJ Dane concluded that Plaintiff has "severe, potentially compensable impairments of . . . hypertension with a history of myocardial infarctions, tachycardia, pulmonary edema, and abnormal left ventricular and atrial functioning associated with polysubstance abuse; diabetes mellitus; chronic kidney disease; obesity; and a history of low back pain and myalgias . . . ." *Id.* At Step Three, the ALJ found that Plaintiff "has not had a potentially compensable impairment or combination of impairments that meets or equals in severity the requirements of Listing sections 4.02, 4.04, 4.05, 6.02, 1.04, or 1.02, or any other impairment in the" listings. *Id.* The ALJ also noted that while Plaintiff "has complained of depressive symptomology, . . . . there is no objective medical evidence of a potentially compensable mental impairment or combination of impairments that would lead to restrictions . . . ." *Id.* Thus, Plaintiff "does not have a potentially compensable mental impairment that . . . has more than a minimal effect on his ability to perform basic work-related mental activities." *Id.* (citation omitted).

At Step Four, the ALJ found that while Plaintiff's subjective complaints are reasonably related to his medically determinable, potentially compensable physical impairments[,]" Plaintiff's "testimony and other statements concerning the character of his subjective complaints and functional limitations were not credible or reasonably supported by the objective medical evidence or inferences therefrom." *Id.* at 29. The ALJ found that Plaintiff's "history of substance abuse, now in apparent remission, is not a material factor contributing to a finding of disabled in this case." *Id.* ALJ Dane found that Plaintiff "retains the exertional capacity for the sustained performance of a full range of medium work activity." *Id.* The ALJ found "no other physical limitations or restrictions or work-related mental limitations." *Id.* at 29–30. The ALJ concluded that Plaintiff was not precluded from performing his past relevant work as a truck driver. *Id.* at 30. The ALJ ultimately determined that Plaintiff was not disabled. *Id.* (citing 42 U.S.C. 1382c(a)(3)(A), 20 C.F.R. § 416.920(f)).

## III.   Legal Standard

The Court must "review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005) (internal citation omitted)). A deficiency in either area is grounds for remand. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161, 1166 (citation omitted). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Lax*, 489 F.3d at 1084 (quoting *Hackett*, 395 F.3d at 1172 (internal quotation omitted)). "It requires more than a scintilla, but less than a preponderance." *Id.*

5

(quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004) (alteration in original) (internal quotation omitted)). The Court will "consider whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but [it] will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Id.* (quoting *Hackett*, 395 F.3d at 1172 (internal quotation marks and quotations omitted)).

"The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Id.* (quoting *Zoltanski*, 372 F.3d at 1200 (internal quotation omitted)). The Court "may not 'displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.'" *Id.* (quoting *Zoltanski*, 372 F.3d at 1200 (internal quotation omitted)).

## IV.    Analysis

Plaintiff's brief is divided into four sections: in the first section, Plaintiff argues that the ALJ erred when he failed to automatically schedule a supplemental *de novo* hearing. The Court does not agree with Plaintiff's reasoning as more fully described *infra* in Section IV(A) and will deny his motion on that issue. Plaintiff's counsel did not develop any arguments in the remaining three sections of the brief. Consequently, the Court will deny the remainder of Plaintiff's motion on the basis that his arguments are not sufficiently developed and are considered waived. *See infra* Section IV(B).

### A.    The Court denies Plaintiff's Due Process argument.

Plaintiff asserts that the ALJ erred in failing to automatically schedule a supplemental hearing after he ended the first *de novo* hearing prematurely. Doc. 22 at

3–4. Plaintiff fails to cite relevant supporting authority, but it appears he bases his argument on *Allison v. Heckler*, 711 F.2d 145 (10th Cir. 1983). In *Allison*, the Tenth Circuit "addressed the ALJ's reliance on a post-hearing report in denying benefits." *Simmons v. Chater*, 950 F. Supp. 1501, 1508 (N.D. Okla.), *aff'd sub nom. Simmons v. Apfel*, 131 F.3d 152 (10th Cir. 1997). The ALJ in *Allison* relied on conclusions in a report generated by a doctor after the *de novo* hearing in determining "that the claimant was not disabled and in denying benefits." *Id.* (discussing *Allison*, 711 F.2d at 147). The Tenth Circuit held that because the claimant was "not given the opportunity to cross-examine the physician or to rebut the report[,]" she was denied due process. *Id.* (quoting *Allison*, 711 F.2d at 147).

The circumstances here are distinguishable. In this case, Plaintiff testified—albeit for a short amount of time—before the ALJ ended the hearing so that Plaintiff could undergo a consultative examination. AR at 48. Plaintiff was examined by Dr. Manish Shroff on October 9, 2013. *Id.* at 1546–59. The ALJ mailed a copy of the "Cardiology CE" to Plaintiff's attorney on November 18, 2013, and gave notice that Plaintiff could "submit any or all of the following: written comments concerning the" Cardiology CE, "a written statement as to the facts and law [he] believe[s] apply to the case in light of" the Cardiology CE, "and any additional records" Plaintiff wanted the ALJ to consider, and/or "written questions to be sent to" Dr. Shroff. *Id.* at 182. The ALJ also specifically gave Plaintiff notice that he could "request a supplemental hearing at which [he] would have the opportunity to appear, testify, produce witnesses, and submit additional evidence and written or oral statements concerning the facts and law." *Id.* The letter specified that Plaintiff had ten days from the date of receipt to contact the ALJ, or the ALJ would

"assume that [he does] not wish to submit" records, "request a supplemental hearing[,]" or question Dr. Shroff. *Id.* at 183.

The ALJ noted in the hearing decision—published approximately five months later—that "[t]he time granted [Plaintiff] to respond by the letter of proffer sent to his attorney representative has expired and, to date, he has not responded." *Id.* at 21. Plaintiff did not raise any issues with the ALJ's November 18, 2013 letter, nor did he refute the Commissioner's argument that he received sufficient notice and failed to request a supplemental hearing. *See* Doc. 22, at 3–5; Doc. 26, at 4–5. Unlike the plaintiff in *Allison*, "Plaintiff was informed of the written reports, and given a chance to respond, cross-examine, or request additional information concerning the reports." *Simmons*, 950 F. Supp. at 1509. Consequently, Plaintiff was afforded sufficient due process, and his motion will be denied with respect to this issue. *See id.* (citing *Mills v. Chater*, 70 F.3d 1282, at *1, n. 1 (10th Cir. Nov. 2, 1995) ("[T]he record reveals that Mr. Mills was notified of the ALJ's intent to rely on this report, received a copy of the report, and was afforded the opportunity to respond to it with a written statement, additional evidence, and questions to be given to the author of the report. Thus the ALJ's compliance with the requirements of *Allison* renders Mr. Mills' due process argument meritless.").

**B.      The Court finds Plaintiff has waived any remaining issues.**

The remainder of Plaintiff's brief includes a recitation of Dr. Shroff's findings and citations to Plaintiff's medical records. Doc. 22 at 5–13. Noticeably absent, however, is any argument or authority that would explain or support Plaintiff's position on how he believes the ALJ erred. The Commissioner also pointed out this shortcoming. Doc. 26 at

8

5-7 ("In sum, the ALJ gave valid reasons for questioning Plaintiff's credibility. Although Plaintiff argues that his claims were supported by the evidence, he is only offering another possible view of the evidence. He does not challenge the ALJ's actual reasoning."). Yet Plaintiff evidently felt it unnecessary to supplement his argument with a reply brief. *See* Doc. 28 (Plaintiff's Notice that briefing was complete following the Commissioner's response).

The Court is left to guess at Plaintiff's arguments. "[A] Social Security claimant must adequately develop arguments before a district court." *Heaps v. Colvin*, No. 13-CV-598-PJC, 2015 WL 321222, at *7 (N.D. Okla. Jan. 26, 2015) (citing *Wall*, 561 F.3d at 1066). In *Wall*, the Tenth Circuit examined an argument related to the claimant's alleged physical limitations and "noted that at the district court level, the claimant had merely alleged, several times, that the ALJ had failed to consider the objective medical evidence." *Id.* (citing *Wall*, 561 F.3d at 1066). "The appellate court cited to the opinion of the district court judge, stating that '[b]ecause Claimant's counsel failed to present any developed argumentation in regard to Claimant's physical impairments, the district court obviously viewed this issue as waived.'" *Id.* (quoting *Wall*, 561 F.3d at 1066). "The Tenth Circuit called the claimant's argument at the district court 'perfunctory,' and said that it had deprived that court of the opportunity to analyze and rule on that issue." *Id.* (quoting *Wall*, 561 F.3d at 1066 (internal citation omitted); citing *Krauser v. Astrue*, 638 F.3d 1324, 1326 (10th Cir. 2011) ("Tenth Circuit's review is limited to issues the claimant preserved at the district court level and adequately presented on appeal") (internal citation omitted); *Sullivan v. Colvin*, 519 F. App'x. 985, 987 (10th Cir. 2013) ("affirming lower court's finding of waiver on credibility issue") (internal citations omitted)).

Here, the remainder of Plaintiff's brief contains, at most, three issue statements: first, Plaintiff's "self-described limitations as summarized in the consultative examination report are consistent with medically determinable impairments established by the record"; second, Plaintiff's "self-described limitations are consistent with clinical examination findings"; and third, Plaintiff's "self-described limitations are consistent with assigned physical limitations." Doc. 22 at 5, 8, 12. These issue statements comprise the last three "Argument" section headings in Plaintiff's brief. *Id.* Each section heading is followed by a summary of Plaintiff's limitations and medical history, with liberal citations to Dr. Shroff's examination and the requirements of medium work, where those requirements differ from Dr. Shroff's findings regarding Plaintiff's limitations. *Id.* at 5–13.

What is lacking from Plaintiff's brief is any argument regarding whether the ALJ's findings are supported by substantial evidence or whether the ALJ applied the correct legal standards. Plaintiff writes a single sentence that could be the beginning of an argument in the Conclusion section: "For the forgoing reasons, the ALJ's decision contains legal error and is not supported by substantial evidence." Doc. 22 at 14. This conclusory sentence, standing alone, is insufficient to be called "developed argumentation." *See Wall*, 561 F.3d at 1065 (quoting *Hardeman v. City of Albuquerque*, 377 F.3d 1106, 1122 (10th Cir. 2004) (internal quotation and citation omitted)). Plaintiff offers no critique of the ALJ's opinion, no citation to controlling legal authority, and no argument to demonstrate to the Court that his motion has any merit. Plaintiff's arguments are not simply inadequate, they are completely absent. Plaintiff fails to supply reasoning on why he feels the ALJ erred, and the Court "will not speculate on

[his] behalf." *Heaps*, 2015 WL 321222, at *8 (quoting *Threet v. Barnhart*, 353 F.3d 1185, 1190 (10th Cir. 2003)).

"[T]he Tenth Circuit has said that it was a 'dangerous practice' for a claimant to leave the court to 'comb through the briefs and the record' to ascertain what claimant's arguments were." *Id.* (quoting *Eacret v. Barnhart*, 120 F. App'x. 264, 265–66 (10th Cir. 2005)). "The *Eacret* court said that it was 'not required to speculate on what a party is arguing or to craft her arguments for her.'" *Id.* (quoting *Eacret*, 120 F. App'x at 266 (internal citations omitted); citing *Gilbert v. Astrue*, 231 F. App'x. 778, 782 (10th Cir. 2007) ("when claimant did not cite to the medical records in support of her argument regarding treating physician opinion evidence, court would not 'sift through' the record to find support for her arguments") (internal quotation omitted)). "*Threet* and these other authorities illustrate that this Court has no ability to analyze and rule on the issue[s Plaintiff] attempts to raise, and this Court will not speculate on what [his] arguments are." *Id.* Because Plaintiff failed to develop his arguments "in a fashion that allows for meaningful review[,]" *id.*, Plaintiff has waived these issues. The Court will deny his motion to remand in full.

**V.      Conclusion**

The Court finds that Plaintiff was afforded an opportunity to request a supplemental hearing, but he did not respond. Consequently, the ALJ did not deny Plaintiff due process in considering the post-hearing consultative exam without a supplemental hearing. Plaintiff waived his remaining points of error, because he failed to develop his arguments in a way that would allow the Court to meaningfully review them. The Court will deny Plaintiff's motion to remand in its entirety.

Wherefore,

**IT IS ORDERED** that Plaintiff's Motion for Reversal and Remand for Further

Proceedings (Doc. 21) is **DENIED**.


_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent